UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEO SCOTT, JR. | CIVIL ACTION |
| VERSUS | |
| E.I. DUPONT de NEMOURS AND COMPANY | NO. 14-00391-SDD-SCR |

## RULING

Before the Court is a *Motion for Partial Dismissal, or Alternatively, Motion for Partial Summary Judgment*[1] filed by Defendant, E.I. du Pont de Nemours and Company (hereinafter "Dupont"). In response to DuPont's *Motion*, Plaintiff simultaneously filed a *Memorandum in Opposition*[2] and a *First Amended Complaint*.[3] Thereafter, DuPont filed a *Reply*.[4]

At this early juncture in this lawsuit with discovery deadlines only recently having been set, the Court declines to convert DuPont's motion into a summary judgment motion.[5] Therefore, for the purpose of DuPont's *Motion for Partial Dismissal*, the Court

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 15.

[3] Rec. Doc. 12. DuPont's deadline to respond to the amended pleading is October 29, 2014.

[4] Rec. Doc. 21.

[5] *Kirby Inland Marine, LP v. Houston*, 2013WL4896352, at *2 (M.D.La. Sept. 11, 2013)("Pursuant to Rule 12(d), a court can choose to ignore outside documents and treat the motion to dismiss for failure to state a claim upon which relief can be granted, or take the outside documents into consideration and convert it into one for summary judgment"); *Crowe v. Hoffman*, 2013 WL 357006, *1 (E.D.La. Jan. 29, 2013)(citing *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980)("This Court has complete discretion to determine whether or not to accept materials outside the pleadings and convert the Rule 12 motion into a Motion for Summary Judgment.")); See also, *Isquith for and on Behalf of Isquith v. Middle South Utilities*, Inc., 847 F.2d 186, 194 (5th Cir. 1988).

DM No. 23502

will only evaluate the allegations in the Plaintiff's *Complaints*, disregarding any documents attached to the parties' respective memoranda.[6]

In its *Motion*, DuPont seeks dismissal of Plaintiff Leo Scott, Jr.'s *Complaint* on two grounds. First, DuPont argues that the race discrimination claims in Plaintiff's December 5, 2012 EEOC Charge are duplicative of those claims in his October 14, 2010 EEOC Charge. DuPont contends that because Plaintiff failed to file suit within 90 days of receiving his right to sue letter, which was forwarded to Plaintiff around October 15, 2010, he lost the right to sue for these claims. Therefore, it is DuPont's position that Plaintiff's race discrimination claims are time barred and must be dismissed as a matter of law. DuPont also argues that because Plaintiff failed to allege his wrongful termination claim in his December 5, 2012, EEOC Charge, and failed to include such an allegation in a subsequent amendment or to timely file a separate charge following his termination, Plaintiff's claim is barred under Title VII and must be dismissed.

After reviewing Plaintiff's *First Amended Complaint*, the Court finds that it cures the errors of which DuPont complains. In particular, Plaintiff alleges that he does not seek to recover for any allegations of racial misconduct on the part of DuPont "which falls outside of any applicable statute of limitations, outside of any period for which Plaintiff may recover for continuing discrimination, [or] outside of any time period within which to file suit or tolling period."[7] Additionally, the Court finds that Plaintiff has asserted factual allegations of racial discrimination beyond October 15, 2010. As for

---

[6] In addition to the original and *First Amended Complaint*, Plaintiff also filed a *Second Amended and Supplemental Complaint* on October 9, 2014. (Rec. Doc. 20). DuPont' deadline to respond this pleading is November 10, 2014.

[7] Rec. Doc. 14, p.2, ¶77.

DM No. 23502

Plaintiff's wrongful termination claim, Plaintiff specifically alleges that he amended and supplemented his December 5, 2012 EEOC claim in 2013 following his termination from DuPont. Therefore, the Court finds that DuPont's arguments in support of its motion for partial dismissal are now moot.

Accordingly, DuPont's *Motion for Partial Dismissal, or Alternatively, Motion for Partial Summary Judgment* is hereby DENIED.[8]

Signed in Baton Rouge, Louisiana, on October 24, 2014.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] Rec. Doc. 8.
DM No. 23502