UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEO SCOTT, JR.

VERSUS

E.I. DUPONT DE NEMOURS AND
COMPANY

CIVIL ACTION

NUMBER 14-391-SDD-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Plaintiff's Motion to Compel Discovery filed by plaintiff Leo Scott, Jr. Record document number 34. The motion is opposed.[1]

Plaintiff filed this suit against defendant E.I. du Pont de Nemours and Company asserting claims of discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. §1981 which occurred while he was employed at the defendant's plant in Burnside, Louisiana. Plaintiff alleged that his supervisors at the plant regularly committed discriminatory practices and retaliated against him for reporting these practices to human resources.

In the initial motion to compel discovery the plaintiff asserted that defendant failed to provided complete responses to Interrogatory Nos. 1-5 of its Second Set of Interrogatories and to Request for Production of Documents Nos. 22-31, 34, and 38 of its

---

[1] Record document number 37. Plaintiff filed a reply. Record document number 40. Defendant filed a sur-reply. Record document number 44.

first set of discovery requests. Defendant asserted that it has provide the plaintiff with all relevant responsive material. Defendant's objections to supplemental production are addressed as below.

Plaintiff's motion is resolved as follows.

In Interrogatory Nos. 1-5, the plaintiff sought comparative employment information between Caucasian and African American employees at the Burnside plant from 2002 to the present. Plaintiff argued that this information will demonstrate that the adverse employment actions taken against the plaintiff by the defendant were motivated by the defendant's desire to treat African American employees less favorably than Caucasian employees. Plaintiff also argued that the requested information will show to what extent the defendant imposed disciplinary actions upon Caucasian employees at the Burnside plant.

Plaintiff has not demonstrated that these interrogatories seek discovery of relevant information, or information that is reasonably calculated to lead to admissible evidence. As a whole these interrogatories either have no relevance to the plaintiff's discrimination/retaliation claim and/or their scope is entirely too broad in terms of time or subject matter. Interrogatory No. 1 sought the number of Caucasians and African Americans employed each year at the Burnside facility. Plaintiff failed to provide any substantive authority supporting his request for such information

and to persuasively explain how such information is relevant to his individual discrimination claims. In Interrogatory Numbers 2-5, the plaintiff sought the identification of all promotions of Caucasians and African Americans employees and all involuntary terminations of Caucasians and African Americans operators and employees. The relevance of favorable treatment of employees outside the protected class is limited to those who were similarly situated to the plaintiff. It is generally recognized that other claims of discrimination against an employer are relevant to a discrimination claim if limited to the (a) same form of discrimination, (b) the same department or agency where plaintiff worked, and (c) a reasonable time before and after the discrimination occurred.[2]

Plaintiff's requests are overbroad and not limited to the treatment of similarly situated employees. With respect Interrogatory Nos. 2-3, these requests are not relevant because the plaintiff did not alleged that he was denied a promotion. Plaintiff's argument that requested information will show the defendant's general practice to treat African American employees less favorably than Caucasian employees does not entitle the plaintiff to conduct a fishing expedition in the hope of finding

---

[2] *Willis v. U.S.*, No. 11-708, 2012 WL 5472032, at 1 n. 6 (M.D.La. Nov. 9, 2012), see also, *Minnis v. Board of Sup'rs of Louisiana State University Agricultural and Mechanical College, et al.*, No. 13-5, 2013 WL 6271940 (M.D. La. Dec. 4, 2013).

similarly situated employees who were with discriminated against or were treated differently.[3]

Interrogatory Nos. 4 and 5 both sought information concerning other instances of involuntary termination of employees.  Because the plaintiff alleged he was involuntarily terminated, information concerning similar discriminatory adverse actions could be relevant to his discrimination claim.  However, only Interrogatory No. 4 properly limited the requested information to employees who held the same position as the plaintiff at the Burnside facility.  Thus, the plaintiff's request for supplementation of Interrogatory No. 5 is denied.

Defendant contested the time frame of Interrogatory No. 4. Plaintiff alleged he was terminated on April 1, 2013.[4]  Defendant asserted that Tom Miller became manager of the plant in 2011 and was plant manager at the time of the plaintiff's termination . Defendant asserted that Miller testified at his April 2, 2015 deposition regarding all employees terminated since he has been the plant manager.  Thus, the defendant argued that the relevant information has been provided and no supplemental response should be required.

Deposition testimony providing the requested, or substantially

---

[3] Because these requests are denied, the defendant's argument based on timeliness does not need to be addressed.

[4] Record document number 1, Complaint, ¶ 63.

the same, information does not automatically relieve a defendant of its duty to respond to an appropriate written discovery request. However, the time frame of Interrogatory No. 4 - information from 2002 forward - is overbroad because the plaintiff was not employed as an operator until 2008. Therefore, the defendant will not be ordered to provide supplemental response to Interrogatory No. 4; relevant information for the period from 2011 forward has already been provided and there is no good reason to require the defendant to provide it again in a different form.

In Request Nos. 22-31, the plaintiff sought information regarding incidents and discipline for certain Caucasian employees at the Burnside plant. With respect to Request No. 22, the defendant argued that there is no evidence or allegation that the plaintiff was disciplined in any way for violating a lock, tag and try procedure. Defendant objected to production of documents for Request Nos. 23-31 regarding Wade Miller, George Valentine and Ivy Alberes because the incidents occurred prior to the plaintiff's claims of discrimination. Defendant also argued that none of the incidents identified in these requests were substantially similar to those for which he was disciplined.

Even assuming that the violations identified in these requests were comparable to the violation alleged in the Complaint, the plaintiff has not shown that these individuals were similarly situated to the plaintiff at the time the violations occurred or

that the incidents occurred within a reasonable time period from the plaintiff's first disciplinary action in late 2012. Moreover, the defendant provided evidence to show these events took place before the plaintiff's employment began in February 2008. The cases relied on by the plaintiff are factually distinguishable and do not negate limiting discovery to circumstances involving similarly situated employees.

Interrogatory number 34 sought all write-ups and probationary documents received by any operator since 2002. Defendant objected to this request of the basis that it sought information outside the relevant time period. Defendant asserted that it provided responsive probationary documentation from September 2011 for Damon Babin, a Caucasian operator.

Again, the plaintiff's request was not limited to a reasonable time period or to similar forms of discriminatory actions. Because this request is overbroad, supplemental production will not be required.

Interrogatory number 38 sought production all documents reflecting gross revenue generated by the Burnside plant and all documents reflecting net profits to Du Pont from operations at the Burnside Plant from 2002 to the present. This request appears to be moot. Counsel for the plaintiff advised the court by letter dated June 5, 2015 that a stipulation had been proposed: the plaintiff (and the plaintiff in the related case CV 14-382) would

rely on plant manager Miller's deposition testimony with respect to that revenue provided the defendant would not dispute the accuracy of his testimony on that point. At that time, counsel for the defendant had not yet been able to check the accuracy of Miller's testimony and so an agreement could not be confirmed in time to meet the deadline for the plaintiff to file his reply memorandum. Defendant's sur-reply memorandum filed two weeks later did not suggest that the proposed stipulation was rejected or otherwise indicate that the revenue issue was still unresolved.

In his reply memorandum, the plaintiff also sought supplemental production for Request for Production Numbers 3, 7, 20, 36, and 37.  Because issues with these discovery requests were not included in the motion and initial supporting memorandum but were included in a reply memorandum filed after the fact discovery deadline expired, as to these discovery requests the motion is untimely.[5]

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, the court may apportion reasonable expenses for the motion unless the motion was substantially justified or other circumstances make an award of expenses unjust.

---

[5] Record document number 28, Amended Scheduling Order, item A. The deadline to complete fact discovery and file motions to compel fact discovery was April 10. 2015.  Plaintiff's Reply Memorandum in Support of Motion to Compel Discovery was filed June 4, 2015.

All of the contested discovery requests at issue were overbroad and unreasonable. Although no supplemental production is ordered by this ruling, the issue regarding Interrogatory No. 38 apparently was resolved by a stipulation after the motion was filed. No other circumstances make an award of expenses unjust. Therefore, the plaintiff should bear a greater portion of the defendant's costs for opposing the motion. Defendant did not submit anything to establish a specific amount of expenses incurred in opposing motion. A review of the motion papers supports finding that an award of $300.00 is reasonable.

Accordingly, Plaintiff's Motion to Compel Discovery is denied. Pursuant to Rule 37(a)(5)(C), the plaintiff shall pay to the defendant, within 14 days, reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, September 16, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE